CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC - 3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RALPH E. HAGA, JR., <br> Petitioner, | Civil Action No. 7:12-cv-00023 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR, VA. DEPT OF CORRECTIONS, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Ralph E. Haga, Jr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I grant the motion to dismiss and dismiss the petition because petitioner is not entitled to relief.

## I.

The Circuit Court of Grayson County sentenced petitioner on March 14, 2008, to more than eighteen years' imprisonment after a jury convicted him of five counts of aggravated sexual battery[1] on minors who stayed at the daycare operated at petitioner's home. Petitioner's appeals to the Court of Appeals of Virginia and to the Supreme Court of Virginia were unsuccessful, and petitioner filed a state habeas petition in the Circuit Court, arguing the following claims:

(A)  The prosecutor failed to establish that a crime happened in Grayson County, Virginia, and the record does not show that the Commonwealth affirmatively established jurisdiction;

---

[1] Petitioner had originally been indicted as Ralph Haga for one count of sodomy (Va. Code § 18.2-67.1), two counts of animate object sexual penetration (Va. Code § 18.2-67.2), and two counts of indecent liberties with a child (Va. Code § 370.1). Upon motion by the Commonwealth, the Circuit Court ordered the indictments amended, pursuant to Virginia Code § 19.2-231, to five counts of aggravated sexual battery (Va. Code § 18.2-67.3). The amended indictments involved the same alleged acts against the same minor children during the same relevant times at the same place as the original indictments.

(B)   Counsel was ineffective for failing to object to the lack of jurisdiction;
(C)   Petitioner's rights were violated when the trial court amended the indictments that were returned by the grand jury without representing them to the grand jury, and the amendments changed the nature of the accused crimes; and
(D)   Counsel was ineffective for failing to object to the amended indictments.

The Circuit Court dismissed the habeas petition after considering the merits of the claims, and the Supreme Court of Virginia refused petitioner's subsequent appeal. Petitioner timely filed the instant petition, arguing the same claims raised in the state habeas petition.[2]

## II.

A petitioner procedurally defaults a federal habeas claim when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

Petitioner argues in Claim (C) that the Circuit Court unlawfully amended the indictments. The Supreme Court of Virginia rejected this claim pursuant to Slayton v. Parrigan, 215 Va. 27,

---
[2] Petitioner added an enumerated claim in the federal habeas petition, but the claim merely restates Claims B and D.

2

205 S.E.2d 680 (1974), because the claim could have been, but was not, raised during trial or direct appeal and did not concern a jurisdictional issue or ineffective assistance of counsel. The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, the Supreme Court of Virginia dismissed Claim (C) pursuant to an independent and adequate state procedural rule, and petitioner procedurally defaulted this claim.

A court may not review a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of ineffective assistance of counsel, a factor external to the defense that impeded compliance with the state procedural rule, or the novelty of the claim. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (recognizing a court does not need to consider the issue of prejudice in the absence of cause).

Petitioner argues counsel was ineffective for not arguing to the trial court that amending the indictments was unlawful, but as discussed infra, petitioner fails to state a viable ineffective assistance claim about the amended indictments. Accordingly, I dismiss Claim (C) as procedurally defaulted.

### III.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a

federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, ___, 130 S. Ct. 841, 849 (2010).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C.

4

§ 2254(e)(1)).  See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).  Finally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

### A.

Petitioner argues in Claim (A) that the Circuit Court did not have jurisdiction over the crimes that occurred in Grayson County.  The Circuit Court determined this claim had no merit.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment when later unexplained state court orders uphold that judgment).  Petitioner was accused and convicted of committing aggravated sexual battery at a daycare he and his wife ran out of their house.  Trial testimony established that the house was in Grayson County and not within the town of Independence, Virginia.  Accordingly, the Circuit Court had jurisdiction over the criminal proceedings, and the Circuit Court's ruling was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

### B.

Petitioner argues in Claims (B) and (D) that counsel rendered ineffective assistance by not objecting to the alleged lack of jurisdiction or to the amended indictments.  The Circuit Court determined these claims had no merit, which was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

As discussed supra, petitioner's jurisdictional argument had no merit. Thus, counsel could not be deficient for not raising a frivolous argument, and petitioner could not have been

6

prejudiced by counsel not arguing the claim. See, e.g., Strickland, 466 U.S. at 689; Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987).

As to the claim counsel was ineffective for not objecting to the amended indictments, the Circuit Court determined counsel was not deficient for not making this frivolous objection. The indictments were amended to update petitioner's name from Ralph Haga to Ralph Edward Haga, Jr. and the charges from one count of sodomy, two counts of animate object sexual penetration, and two counts of indecent liberties with a child to five counts of aggravated sexual battery. The Circuit Court determined that Virginia Code § 19.2-231 permitted it to amend the indictments because the amendments did not change the nature or character of the charged offenses, and the Supreme Court of Virginia found no reversible error in the Circuit Court's analysis of Virginia law.

The original indictments informed petitioner of the nature and character of the accusations for the overt acts he committed on specific children during a specific time at a specific place. The Circuit Court amended all the indictments for the same acts to aggravated sexual battery, and the amended indictments retained the same character of the original charged sexual crimes against the same minors. Amending the indictments to more accurately reflect petitioner's legal name and to authorize a greater punishment than the offenses charged in the original indictments did not change the nature or character of the original charges. Kelley v. Commonwealth, 140 Va. 522, 532, 125 S.E. 437, 440 (1924). Furthermore, it was not per se prejudicial that the amendments occurred several days before trial. See Brookman v. Commonwealth, 151 Va. 522, 524, 145 S.E. 358, 359 (1928) (holding amendment on day of trial was not prejudicial). Moreover, Virginia courts have reaffirmed that an amendment to an

7

indictment that does not change the nature or character of the charged offenses, as occurred in petitioner's case, is permitted by Virginia Code § 19.2-231. See, e.g., Edwards v. Commonwealth, 218 Va. 994, 243 S.E.2d 834 (1978), Jackson v. Commonwealth, No. 0385-11-1, 2012 Va. App. LEXIS 224, 2012 WL 2728441 (July 10, 2012) (unpublished); Pulliam v. Commonwealth, 55 Va. App. 710, 715-17, 688 S.E.2d 910, 913-14 (2010). See also Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (reversing a district court's "misguided" conclusion that it could determine a state court incorrectly decided a state law issue when granting relief for an ineffective assistance of counsel claim). Accordingly, counsel did not render ineffective assistance, and the Circuit Court's ruling was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

## IV.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 3rd day of December, 2012.

*/s/ Jackson L. Kiser*
Senior United States District Judge